*LANE & AL.* vs. *DE PEYSTER,*

An agent is a competent witness without a release.

A surety on a bond given to release property from sequestration, is not a competent witness.

**APPEAL** from the court of the parish and city of New Orleans.

**PORTER, J.** delivered the opinion of the court. This is an action to recover eight bales of cotton, which the plaintiffs allege they shipped on board a flat boat, to be delivered to certain persons in New Orleans. They aver this cotton to be in the hands of the defendant, who retains it without any legal authority, and refuses to give it up.

The general issue is pleaded, and to that defence is added a special plea that the defendant purchased the property in *open market* and paid for it.

The court gave judgment against the plaintiffs, and they appealed.

The only witness introduced by the plaintiffs to establish the facts set forth in their petition, was the captain of a flat boat belonging to them, into whose care the cotton had been intrusted. His competency was objected to on the ground that he was giving evidence to discharge himself from the responsibility he had incurred by receiving the property, and failing to deliver it. We are of opinion, how-

ever, the court below did not err in admitting
him. The competency of agents to testify for
their principals (without a release) while
acting in the ordinary course of the business
intrusted to them, and where there is no charge
of misconduct, or culpable negligence, raised
against them, has been frequently decided in
this court; and more particularly in the case of
*U. S. Bank* vs. *Johnson*, after a full examin-
ation of the principal authorities on this sub-
ject. *Vol. 5, p. 210.*

On behalf of the defendant, the only testi-
mony offered to establish the purchase of the
cotton in *market overt*, was that of the surety
on the bond given to obtain a release from the
sequestration which the plaintiff had obtained
at the commencement of the suit. The com-
petency of his evidence has been brought be-
fore us by a bill of exceptions, and we are of
opinion, he should not have been permitted to
testify, because in the event of the cause be-
ing decided against the defendant, he became
immediately and directly liable on the bond.
The case cannot be distinguished from that of
bail. *Starkie on evidence, p. 4, 786.*

It has been urged that the defendant has a
right to claim a set off for moneys due by the

EasternDist.
January 1829

LANE & AL.
*vs.*
DEPEYSTER.

plaintiffs to the person in whose care the cotton was intrusted, but we see nothing in the evidence which connects the freighter with the defendant, or that authorises the latter to be subrogated to the right of the former.

It is therefore ordered, adjudged and decreed, that the judgment of the parish court be annulled, avoided and reversed ; and it is further ordered, adjudged and decreed, that the plaintiffs do recover of the defendant the eight bales of cotton claimed in the petition, with costs in both courts.

*M'Caleb* for the plaintiffs—*Carleton & Lockett* for the defendant.

*Slidell* for  the  plaintiff—*Strawbridge* for the defendants.